IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Sara Henderson, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| *Plaintiff,* | )<br>) |
| v. | ) Case No. 21 CV 50285<br>)<br>) Magistrate Judge Lisa A. Jensen |
| Chemtool Incorporated, et al., | )<br>) |
| *Defendants/Third-Party Plaintiff* | )<br>) |
| v. | )<br>) |
| Holian Insulation Company, Inc., | )<br>) |
| *Third-Party Defendant*. | ) |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Third-Party Defendant Holian's motion to strike [67] is denied.

**I. BACKGROUND**

On June 14, 2021, a fire incident occurred at Third-Party Plaintiff Chemtool's plant in Rockton, Illinois. The instant case was filed in Illinois state court in June of 2021, and the case was removed to federal court the following month. On April 14, 2022, Chemtool filed a Third-Party Complaint ("the Complaint") against Third-Party Defendant Holian for damages arising out of the fire, alleging breach of contract and negligence. *See* Third-Party Compl., Dkt. 53. Among the factual allegations in the Complaint are that the Occupational Safety and Health Administration ("OSHA") conducted an investigation of the fire and there are references to an OSHA citation and investigation report. *Id*. at 5, 6, 8, 9.

On June 16, 2022, Holian filed the instant motion asking the Court to strike any OSHA references or exhibits in the Third-Party Complaint in their entirety as "immaterial and

1

unnecessary allegations." Third-Party Def.'s Mot. at 3, Dkt. 67. For the following reasons Holian's motion is denied.

## II. DISCUSSION

Under Rule 12(f), "the court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike pursuant to Rule 12(f) are designed to reinforce the requirement in Rule 8(d) that pleadings be simple, concise, and direct. § 1380 Motion to Strike—In General, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.). However, motions to strike are disfavored and will usually be denied unless "the allegations being challenged are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration," as well as "unduly prejudicial." *Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.*, 11 F.Supp.2d 1006, 1009 (N.D. Ill. 1998) (internal citations omitted); *see Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Stop Illinois Health Care Fraud, LLC v. Sayeed*, 12 CV 9306, 2016 WL 4479542, at *3 (N.D. Ill. Aug. 25, 2016). A party will be prejudiced if the allegation at issue will confuse the issues in the case or is so lengthy and complex that it places an undue burden on the party. *Hoffman-Dombrowski*, 11 F.Supp.2d at 1009.

Holian argues that, because OSHA regulations do not create a statutory duty of care and because OSHA citations and reports are inadmissible at trial, any OSHA-related references should be stricken from the Complaint. Third-Party Def.'s Mot. at 1-2, Dkt. 67 (citing *Ross v. Dae Julie*, 341 Ill. App. 3d 1065, 1074 (1st Dist. 2003); *U.S. vs. Pitt-Des Moines, Inc.* 168 F.3d 976, 991 (7th Cir. 1999); *Wilfong v. L.J. Dodd Const.*, 401 Ill. App. 3d 1044, 1063 (2nd Dist. 2010); *West American Ins. Co. v. Trent Roofing and Const.*, 539 F. Supp. 2d 1052, 1056 (N.D. Ill. 2008)).[1]

Chemtool argues that the case law cited by Holian does not support its position. This Court agrees insofar as none of the case law cited by Holian provides that OSHA citations or violations may never be admitted as evidence at trial. In *Ross*, the plaintiff argued that a jury could find the defendant had breached its duty of care by failing to observe OSHA regulations. 341 Ill. App. 3d at 1074. The court held that the alleged OSHA violations could not create a duty where the court had already determined that the defendant did not owe the plaintiff a duty by virtue of its lack of sufficient control over the work. *Id*. The court did not hold that OSHA citations are never admissible. In fact, the court noted that OSHA citations may be evidence of failure to exercise reasonable care. *Id*; *see also Reico v. GR-MHA Corp.*, 366 Ill.App.3d 48, 58 (1st Dist. 2006) ("We therefore specifically held in [*Ross*] that although a violation of OSHA regulations may be evidence of failure to exercise reasonable care, OSHA regulations do not create a duty of care.").

---

[1] Holian also argues that OSHA regulations generally preclude civil litigants from calling OSHA investigators as witnesses, which means that Chemtool would not be able to lay an appropriate foundation to authenticate any OSHA reports and citations. Third-Party Def.'s Mot. at 1-2, Dkt. 67. This Court finds that it is premature to address foundation-related issues at this stage of the litigation. Moreover, as will be explained further below, the cases Holian cites in support of its argument are inapposite.

2

The remaining cases cited by Holian similarly do not support their assertion that OSHA citations can never be relevant or admissible. In *Pitt-Des Moines*, a criminal defendant was indicted for "willfully" violating OSHA standards. 168 F.3d at 980. The defendant argued that the OSHA citation should have been admitted into evidence because it categorized the violation as "serious," not "willful," which was highly relevant to the issue of whether the defendant had willfully violated any OSHA regulations. *Id*. at 990. The Seventh Circuit held that the lower court did not abuse its discretion in excluding the evidence because, "[a]lthough [it] may have some probative value," any value would be limited because of the timing of the OSHA investigation and the potential for jury confusion and delay. *Id*. at 992. The Seventh Circuit made no blanket prohibition against the use of OSHA citations as evidence but, rather, considered its probative value in the context of the specific facts of the case before it. In *Wilfong*, after the trial court granted summary judgment for the defendant, the plaintiff filed a motion to reconsider, attaching an expert statement regarding OSHA violations. 401 Ill. App. 3d at 1063. In denying the motion the court noted that the expert relied on OSHA regulations, but that those in and of themselves did not create a duty of care. *Id*. At no point in the opinion did the court indicate that OSHA-related evidence was inadmissible. Finally, in *West American*, the plaintiff argued that a duty of care had been created by OSHA, which the court soundly rejected. 539 F. Supp. 2d at 1056. Again, the court never discussed the admissibility of OSHA-related evidence.

Chemtool argues that its references to OSHA's issuance of a citation to Holian is squarely in line with what is allowed under *Miller v. Archer-Daniels-Midland Co.*, 261 Ill. App. 3d 872, 879 (4th Dist. 1994). In *Miller*, as adopted by *Ross*, the court held that:

> While alleged violations of codes which do not contain language creating a statutory duty may be evidence of failure to exercise reasonable care, the violations do not create a duty where none otherwise exists. Violations of Occupational Safety and Health Administration standards may constitute evidence of negligence but do not create a statutory duty.

*Id*. at 879 (internal citation omitted).

Thus, although the cases Holian cites indicate that OSHA regulations do not create a statutory duty of care, it is incorrect to say that caselaw forecloses the possibility that the parties would be able to use the OSHA reports and citations as evidence for other purposes.[2] To the contrary, as Chemtool points out, OSHA violations *may* constitute evidence of failure to exercise reasonable care. Because Chemtool has demonstrated possible admissible uses of the OSHA

---

[2] Notably, the Third-Party Complaint alleges that the contract between Chemtool and Holian included a provision that stated Holian would comply with OSHA regulations and standards. *See* Third-Party Compl. at 4, Dkt. 53.

reports and citations, the Court finds it unnecessary to strike those references from the Complaint. *See Zank v. Walmart Stores E., LP*, 2:20-CV-5-JTM-JEM, 2020 WL 13390197, at *2 (N.D. Ind. Nov. 12, 2020) (denying the defendant's motion to strike certain evidence from the complaint because the plaintiffs had demonstrated possible admissible uses of it). Rather, Holian may move to exclude such evidence, if appropriate, at a later stage of this litigation. The motion to strike is therefore denied.

## III. CONCLUSION

For the foregoing reasons, Third-Party Defendant Holian's motion to strike is denied.

Date: July 19, 2022　　　　　　　　By: *Lisa A. J.*
　　　　　　　　　　　　　　　　　　　　Lisa A. Jensen
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge